UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Epps, | ) C/A No. 8:11-00615-DCN-JDA |
| Plaintiff, | ) |
| vs. | ) |
| South Carolina Department of Corrections;<br>Sharon Patterson;<br>Ann Hallmon;<br>Warden Robinson, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, David Epps (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Ridgeland Correctional Institution (RCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names employees of RCI as Defendants.[2]

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where a complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he was charged with "(854) exhibition and public masturbation" on August 6, 2010. ECF No. 1, page 4. On August 23, 2010, Plaintiff was found guilty of the infraction at a disciplinary hearing held before Disciplinary Hearing Officer (DHO) Sharon Patterson. *Id.* Plaintiff states "DHO Patterson is/was required by agency policy to base disciplinary hearing conclusions on a 'preponderance of the credible evidence.' DHO Patterson found me guilty in spite of my presentation of credible exculpatory evidence in my favor." *Id.*

Plaintiff filed a disciplinary hearing appeal on September 3, 2010. *Id.* However, as of the date the instant Complaint was submitted to the Court for filing, Plaintiff had "not received a step 1 response from Warden Robinson, nor a step 2 response from SCDC Headquarters as is mandated by agency policy." *Id.* Plaintiff indicates that he wrote Ann Hallmon[3] a letter about his failure to receive a response to his grievances, however, "her response was not in compliance with agency policy." *Id.* Plaintiff seeks "compensatory and punitive damages." *Id.* at 3.

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443

---

[3] It is unclear from the pleading whether this Defendant's last name is spelled "Hallmon" or "Hallman."

U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011). *See also Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims against Defendants Robinson and Hallmon, for failure to process Plaintiff's grievances, are not cognizable under 42 U.S.C. § 1983. As such Defendants Robinson and Hallmon are entitled to summary dismissal from this action.

Next, the Complaint alleges that Defendant Patterson violated Plaintiff's due process rights by finding him guilty of a disciplinary infraction. It is true that disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written

notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. *Wolff*, 418 U.S. at 563-567.

In order to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

In the case *sub judice*, Plaintiff has made no allegations or representations to the Court that he lost any good-time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed. Nor does Plaintiff allege that the disciplinary conviction imposed an atypical or significant hardship. Thus, Plaintiff has failed to show that Defendant Patterson's actions enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest, and give rise to the protection of the Due Process Clause by its own force. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir.1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process

Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation).

Further, it is noted that Plaintiff's due process claim would be subject to summary dismissal even if he had demonstrated the implication of a protected liberty interest. While Plaintiff opines that Defendant Patterson's decision was erroneous because she "found [Plaintiff] guilty in spite of [Plaintiff's] presentation of credible exculpatory evidence," the pleading contains no facts to indicate that Plaintiff was denied any of the safeguards required for inmate disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Baxter v. Palmigiano*, 425 U.S. 308 (1976)(discussing limited range of inmate rights in prison disciplinary proceedings). The allegation that Defendant Patterson deemed other evidence presented at the hearing to be more credible than Plaintiff's testimony is simply insufficient to state a due process claim under *Wolff*. *See Brown v. Braxton*, 373 F.3d 501, 509 (4th Cir. 2004)("Again and again, the Supreme Court has cautioned that we should be hesitant to substitute our judgments for those of prison administrators."). As such, Plaintiff's due process claim against Defendant Patterson must fail and this Defendant should be summarily dismissed from the case.

Finally, to the extent Plaintiff intended to name the South Carolina Department of Corrections (SCDC) as a separate Defendant in this action, this Defendant is protected from suit under § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court

in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Alabama v. Pugh*, 438 U. S. 781 (1978). State agencies and state instrumentalities, such as SCDC, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).[4] As such, SCDC is immune from Plaintiff's claim for damages in the instant action.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

March 22, 2011                                         s/Jacquelyn D. Austin
Greenville, South Carolina                      United States Magistrate Judge

---

[4] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S. C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).